UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eugene P. Harrison, *a/k/a Eugene Paul Harrison, Sr.*, | ) | C/A No. 9:17-1938-RMG-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Tim Riley, *Warden, Inmate Intake*, | ) | |
| | ) | |
| Defendant. | ) | |

This is a civil action filed by the Plaintiff, Eugene H. Harrison, also known as Eugene Paul Harrison, Sr., pro se, and is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997)[pleadings by non-prisoners should also be screened]. Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of § 1915, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

### Discussion

Plaintiff asserts that Tim Riley, the Warden-Inmate Intake of the Kershaw Correctional Institution (KCI) (part of the South Carolina Department of Corrections (SCDC))



falsely arrested and imprisoned him and subjected him to double jeopardy. Complaint, ECF No. 1 at 3. He alleges:

> In the Summer of 2005 around May-August I Eugene Harrison was arrested and re-entered into the S.C. department of Correction in Kirkland Correctional Institution on the same charges that I did time before in Summer of 2003 for Fraudulent Checks/released. In 2005 incarceration did 50 days before released by repaying the same checks.

ECF No. 1 at 5 (errors in original). Plaintiff seeks $10,000 a day for the 50 days he was incarcerated, three million dollars for depression and mental anguish he claims he suffered as a result of the alleged false arrest and incarceration, $10,000 a day for pain and suffering, and punitive damages of three million dollars. Id.

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319. Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts



2

which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Such is the case here.

This action is subject to summary dismissal because Plaintiff's § 1983 claims for false arrest, false imprisonment, and double jeopardy are barred by the applicable statute of limitations. State law concerning limitation of actions applies in claims brought under § 1983; see Wilson v. Garcia, 471 U.S. 261, 266 (1985), partially superseded by statute as stated in Jones v. R.R. Donnelly & Sons, Co., 541 U.S. 369, 377-380 (2004); and in South Carolina the applicable statute of limitations is generally three years. See S.C. Code Ann. § 15-3-530. While federal law governs the question of when a cause of action accrues; see Wallace v. Kato, 549 U.S. 384, 387 (2007); under federal law the running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. Id.

A Section 1983 claim for false arrest or false imprisonment accrues when the claimant is detained pursuant to legal process. Wallace v. Kato, 549 U.S. 384 (2007)[holding "that the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."]. An illegal search and seizure cause of action is analogous to a claim of false arrest and imprisonment, Barnhill v. Strong, No. JFM 07–1678, 2008 WL 544835 (D.Md. Feb. 25, 2008), and accrues at the time the defective process was initiated. See Wallace v. Kato, 549 U.S. 384 (2007); Smith v. McCarthy, 349 F. App'x 851, 856–857 (4th Cir. 2009). Here, Plaintiff clearly had knowledge of the alleged violation of his double jeopardy rights, false arrest, and false imprisonment at the time of his incarceration, or at least by the time he was released from custody (both of which he alleges occurred in 2005). Thus, the incidents at issue



3

in this lawsuit occurred well in excess of three years prior to the filing of this action, and are barred by the applicable statute of limitations.

In issuing this Recommendation, the undersigned also notes that Plaintiff previously filed actions (against different defendants) which appear to concern the same alleged incident, further indicating that Plaintiff had knowledge of his alleged injuries more than three years before this action was filed. In July 2005, Plaintiff and his wife brought claims against Deputy Kelly, Lt. Colclough, Deputy Reynolds, and Sheriff Anthony Dennis, all employees of the Sumter County Sheriff's Department, in which he alleged that the defendants violated his Fourth Amendment rights by entering his home without a search warrant and by falsely arresting him. The defendants in that case filed a motion for summary judgment in which they attached copies of arrest warrants for numerous charges of fraudulent checks, and in May 2006, the Honorable Patrick Michael Duffy, Senior United States District Judge, adopted the report and recommendation of the magistrate judge and granted the defendants' motion for summary judgment. See Harrison v. Colclough, No. 3:05-2090-PMD, 2006 WL 1345091 (D.S.C. May 15, 2006), aff'd, 199 F. App'x 211 (4th Cir. Sept. 8, 2006). In 2007, Plaintiff filed an action against the Sumter County Sheriff's Department, Deputy Jerry Kelly, Deputy Robert Reynolds, and Lt. Colclough, in which he alleged that he was arrested in May 2005 by Sumter County Sheriff deputies on outdated and wrongly addressed arrest warrants from 1998 and 1999 for fraudulent checks. He claimed that he was unlawfully arrested and his constitutional rights were violated. Judge Duffy dismissed the complaint in that action without prejudice because Plaintiff failed to state a claim against the Defendants for a violation of his Fourth Amendment rights and that his claims were barred by the doctrine of res judicata. Harrison v. Sumter County Sheriff's Dep't., No. 2:07-3555-PMD-GCK, 2008 WL 553181 (D.S.C. Feb. 25, 2008).



Moreover, even if this claim was not subject to dismissal for the reasons set forth hereinabove, this action is still subject to summary dismissal because Plaintiff makes no specific allegations against the Defendant and provides no supporting facts to show what the Defendant allegedly did or did not do to violate his rights. Although Plaintiff claims that he was falsely arrested and imprisoned, he makes no allegations that the Defendant arrested him, and states no facts as to what Defendant allegedly did to falsely imprison him. Thus, this action is also subject to dismissal because Plaintiff's Complaint does not contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2); see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Finally, the Defendant is an employee of the SCDC and thus is entitled to Eleventh Amendment immunity in his official capacity as to any claims for monetary damages. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state. See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)(reaffirming Hans v. Louisiana, 134 U.S. 1, 10 (1890) [holding that a citizen could not sue a state in federal court without the state's consent]; Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)[although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens]; Alabama v. Pugh, 438 U.S. 781, 782 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974)[stating that "when the action is in essence one for the recovery of money from



5

the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants"](quoting Ford Motor Co. v. Dep't. of Treasury, 323 U.S. 459, 464 (1945)); see also Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Bellamy v. Borders, 727 F. Supp. 247, 248-50 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social Servs., 562 F. Supp. 579, 583-85 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrs., 460 F. Supp. 805, 808-09 (D.S.C. 1978).

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Further, although a State may consent to a suit in a federal district court, Pennhurst, 465 U.S. at 99 & n.9, the State of South Carolina has not consented to such actions. Rather, the South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

### Order on Motion to Amend

On October 20, 1017, Plaintiff filed a motion to amend to add "Willie D. Davis, Warden, Inmate Intake" of the KCI as a Defendant. Plaintiff claims this change needs to be made because Defendant Riley is no longer employed by KCI. Plaintiff also asks for an extension of time "because of the request that a change been made in the change of the warden(s) mentioned in this



6

case." ECF No. 15. On November 14, 2017, Plaintiff wrote a letter stating that he put the wrong name on the cover sheet as to his motion to amend. ECF No. 16.

Plaintiff's motion to amend is **denied**. Although a party generally may amend once as a matter of course pursuant to Fed. R. Civ. P. 15(a), since Plaintiff has not submitted a proposed amended complaint, it is unclear whether he is attempting to add Willie D. Davis as an additional defendant or if he is attempting to substitute Davis for Defendant Riley. Either way, however, his attempt to amend is futile, as Plaintiff has not submitted a proposed amended complaint and has not alleged any claims against proposed defendant Davis. Moreover, as noted hereinabove, Plaintiff's claims concern an incident that occurred in 2005. Thus, even if Plaintiff is attempting to substitute Davis for Riley, he has not alleged that Davis was the Warden of KCI at the time or that Davis took any of the alleged actions at issue, such that any attempt to amend to add Davis as a defendant or to substitute Davis for Riley would be futile. See Mayfield v. NASCAR, Inc., 674 F.3d 369, 379 (4th Cir. 2012)[stating a court should deny a request to amend if amendment would be futile]. Further, adding Davis (or substituting Davis for Riley) will not save Plaintiff's complaint from summary dismissal for the same reasons discussed as to Defendant Riley above. Plaintiff also requests an extension of time, but he has not stated the amount of time needed or explained what or why he needs additional time.

Therefore, Plaintiff's motion to amend and to extend time (ECF No. 15) is **denied.**

November **16**, 2017
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge

7

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

