IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Eugene P. Harrison, *a/k/a Eugene Paul Harrison, Sr.*, | ) ) ) | Case No.: 9:17-cv-1938 |
|---|---|---|
| Plaintiff, | ) ) ) ) | **ORDER AND OPINION** |
| v. | ) ) ) | |
| Tim Riley, Warden, Inmate Intake, | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 19) recommending that this Court dismiss Plaintiff's Complaint without prejudice and without issuance of service of process. For the reasons set forth below, this Court adopts the R. & R. as the order of the Court. The Complaint is dismissed without prejudice.

**I. Background and Relevant Facts**

Plaintiff Eugene P. Harrison is proceeding *pro se*. Plaintiff has alleged that Tim Riley, the Warden-Inmate Intake of Kershaw Correctional Institution ("KCI") falsely arrested and imprisoned him and subjected him to double jeopardy. (Dkt. No. 1 at 3.) Specifically, Plaintiff alleges that he was arrested and imprisoned in the summer of 2005 for check fraud charges he had already served time for in 2003. Plaintiff seeks damages of $10,000 per day for each of the fifty days he was incarcerated in 2005. (Dkt. No. 1 at 5.)

In the R. & R., the Magistrate Judge explained that Plaintiff's complaint is subject to summary dismissal because his § 1983 claims for false arrest, false imprisonment, and double jeopardy are barred by the applicable statute of limitations. (Dkt. No. 19 at 3-4.) Even if this action was not barred by the statute of limitations, the Magistrate Judge explained that Plaintiff's

Complaint is subject to summary dismissal because Plaintiff failed to make specific allegations against the Defendant. (*Id.* at 5.) Additionally, the Defendant has Eleventh Amendment Immunity for claims for monetary damages made against him in his official capacity. *(Id.* at 5-6.)

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### III. Discussion

Plaintiff has filed objections to the R. & R. (Dkt. No. 22.) The Court has given Plaintiff's Objections the most liberal construction possible and determined that Plaintiff has failed to coherently address the Magistrate Judge's conclusions, including the Magistrate Judge's finding that the claims in Plaintiff's complaint are barred by the statute of limitations. The Court therefore finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

### IV. Conclusion

For the reasons set forth above, this Court adopts the R. & R. (Dkt. No. 19) as the order of the Court. Plaintiff's Complaint is dismissed without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 5, 2017
Charleston, South Carolina